NOT FOR PUBLICATION

| | |
|---|---|
| PANASONIC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VALLEY SUPPLIES, INC., BEN BERGER, HERMAN GOLDBERGER, JACOBS BERGER, SINOTRON USA, INC., and SINOTRON (SHANGHAI) CO., LTD.,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Dennis M. Cavanaugh<br>Civil Action No.: 10-4773 (DMC-JAD)<br><br><br>OPINION |

DICKSON, U.S.M.J.

    This matter comes before the Court on (1) Plaintiff Panasonic Corporation's ("Plaintiff") motion to compel Defendant Sinotron USA, Inc. ("Sinotron") to provide its Rule 26(a)(1) initial disclosures and responses to discovery and (2) Sinotron's cross-motion to stay this action. For the reasons set forth below, Plaintiff's motion is granted, in part, and Sinotron's motion is denied.

I. **BACKGROUND**

    Plaintiff commenced this action by filing a Complaint on September 17, 2010 against Valley Supplies Inc. ("Valley Supplies"), a distributor of toner cartridges, and its principals, Ben Berger, Herman Goldberger and Jacobs Berger, (collectively, the "Valley Supplies Defendants") asserting claims related to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions arising from the unauthorized distribution and sale by Valley Supplies of merchandise bearing copies of the Panasonic Registered Trademark. On October 21, 2010, Plaintiff filed an Amended Complaint to add as defendants Sinotron, a

1

supplier to Valley Supplies of toner cartridges, its principal, Takunaka Saka ("Saka"), and Sinotron (Shanghai) Co., Ltd.[1] (collectively, the "Sinotron Defendants").

On November 9, 2010, the Valley Supplies Defendants filed an Answer and Crossclaims against the Sinotron Defendants arising from a contract the Valley Supplies Defendants entered into with the Sinotron Defendants for the purchase and sale of the unauthorized Panasonic products. Specifically, the Valley Supplies Defendants allege that they did not know that the Panasonic products they purchased from the Sinotron Defendants were unauthorized and that the Sinotron Defendants represented to them that they were authorized. On January 27, 2011, Plaintiff filed a notice of dismissal without prejudice of defendant Saka. Sinotron subsequently filed an Answer to the Amended Complaint and an Answer to the Valley Supplies Defendants' Crossclaims stating that it did not know the Panasonic merchandise was not authorized and therefore did not intentionally infringe upon Panasonic's Registered Trademark.

After attending an initial pretrial conference on March 8, 2011, the parties exchanged discovery requests and Rule 26 initial disclosures. In its initial disclosures, Sinotron refused to provide substantive information and asserted its purported Fifth Amendment rights. Sinotron also provided Plaintiff with responses to interrogatories and document requests in which it, again, refused to provide any substantive response and instead asserted its Fifth Amendment rights. Sinotron stated that it was asserting its Fifth Amendment rights due to a purported ongoing criminal investigation regarding the sale and distribution of the counterfeit Panasonic merchandise.

Plaintiff subsequently filed this motion to compel Sinotron to provide responses to the Rule 26 initial disclosures and discovery requests. Plaintiff argues that, as a matter of law, Sinotron, as a corporation, does not have Fifth Amendment rights and, thus, cannot assert them.

---

[1] To date, it does not appear that Sinotron (Shanghai) Co., Ltd. has been served with the Amended Complaint.

Plaintiff further argues that there is no ongoing criminal case or investigation pending against Sinotron.

In response, Sinotron filed an opposition and cross-motion to stay this action. Sinotron argues that because there exists the threat of a criminal action against it and its current and/or former employees, Sinotron does not believe it should provide documents, information and/or testimony that might violate its or its employees' and/or former employees' Fifth Amendment rights. Sinotron argues that prior to filing this lawsuit, Panasonic, through a private investigator, contacted the Essex County prosecutor and filed a criminal case resulting in two criminal seizures at a premises owned by Valley Supplies. Accordingly, Sinotron requests a short stay of this action pending resolution of potential criminal charges that "can be brought or may be brought under New Jersey, California,[2] and Federal criminal laws." (Sinotron Br. 4, ECF No. 43). Sinotron also requests that the Court order Panasonic to produce all documents in its possession relating to the criminal investigation.

In its reply and opposition to Sinotron's cross-motion, Plaintiff argues that Sinotron does not have a Fifth Amendment right in this case and cannot escape from providing its initial disclosures and responding to the discovery requests. Plaintiff further argues that a stay is inappropriate because there is no pending criminal proceeding -- rather there only is an open investigation by the Essex County Prosecutor's Office of co-defendant Valley Supplies. Finally, Plaintiff states that it has produced all documents in its possession regarding communications between Plaintiff and law enforcement.

## II.   ANALYSIS

The Court of Appeals for the Third Circuit recognized in 1980 that, "[t]he civil and regulatory laws of the United States frequently overlap with the criminal laws, creating the

---

[2] Sinotron is a California company.

3

possibility of parallel civil and criminal proceedings, either successive or simultaneous. In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (3d. Cir. 1980). Furthermore, the Court of Appeals noted that, "[t]he Constitution, therefore does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. ...Nevertheless, a Court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem ( ) to require such action, sometimes at the request of the prosecution, ... sometimes at the request of the defense(.)" *Id.* at 1375. (internal quotations omitted). "The Court must make such determinations in the light of the particular circumstances of the case." *Id.*

Thereafter, the New Jersey District Court addressed the standards to be considered when a party requests a stay of civil proceedings when there are parallel criminal proceedings. *Walsh Securities Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998). In *Walsh*, the Court began by acknowledging that, "The Court has discretion to stay a case if the interests of justice require it." *Id.* at 526. "Moreover, a stay of a civil case is an 'extraordinary remedy.'" The Court in *Walsh* set forth the following factors to be considered:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Id.* at 526-27. (internal citation omitted).

The Court further noted that factor 1, the extent of overlap - or the similarity of issues as the Court rephrased the factor - is the most important issue to be considered. *Id.* at 527.

In applying these factors to the matter at hand, this Court concludes that there is no basis at this time for a stay of the civil litigation. First, although there appears to have been a criminal investigation opened into the conduct of Valley Supplies, there is no evidence before this Court that that criminal investigation has extended to Sinotron. In fact, there is no evidence that the investigation is even currently ongoing or whether it has been concluded. Accordingly, there is no way to determine the status of the criminal investigation. It appears safe to conclude, however, that no indictments have been issued. As noted in *Walsh*, "because there is less risk of self-incrimination, and more uncertainty of the effect of a delay on the civil case, *pre* indictment requests for a stay are generally denied." *Id*. Notwithstanding the foregoing, the Court noted that, although the case was in a pre-indictment stage, in addition to search warrants having been executed and subpoenas served on several defendants, the defendants seeking the stay had been informed that they were targets of the criminal investigation. As a result, and in addition to other facts, the Court concluded that the action should be stayed. *Id*. In its analysis, however, the Court noted that document discovery presents "little danger of self-incrimination." *Id*.

In this case, there are no individual defendants related to Sinotron. Furthermore, the parties have agreed that Sinotron, as a corporation, has no right to assert the privilege of self-incrimination. *See also Braswell v. U.S.*, 487 U.S. 99, 102 (1988). Furthermore, although an individual employee (or former employee) of Sinotron may assert his/her Fifth Amendment rights with respect to questions that could lead to self-incriminating answers, the custodian of the books and records of Sinotron must produce those documents responsive to the initial disclosure requirements and document requests even if doing so might lead to the disclosure of incriminating evidence. *See U.S. v. Arizechi*, Nos. 06-528 and 06-529, 2006 WL 1722591, at *2 (D.N.J. Jun. 20, 2006) ("A corporate custodian, however, cannot refuse to produce the requested

[corporate] records because it would be a personally incriminating act."); *see also U.S. v. Marra*, No. 05-2509, 2005 WL 2474873, at *8 (D.N.J. Oct. 5, 2005) ("A custodian of corporate records cannot assert the privilege against self-incrimination with regard to the production of corporate records, but may assert the Fifth Amendment on a question-by-question basis with regard to any attendant testimony."). Accordingly, Sinotron should produce all corporate documents responsive to its Rule 26 disclosure requirements and the requests for production of documents. There is no prejudice or burden to Sinotron to provide such discovery.

The Court notes that, to the extent individuals who are employees or former employees of Sinotron are called to testify or answer interrogatories, they are not giving up their right to assert their Fifth Amendment privileges on a question-by-question basis. At this stage of the proceedings, however, there is nothing in the *Walsh* standards that compels this Court to grant a stay of discovery or of this litigation. In the event that a criminal proceeding is commenced against Sinotron and/or its employees, the Court may entertain a renewed motion to stay.

For these reasons, Plaintiff's motion is granted, in part, and Sinotron's cross-motion is denied.

An appropriate Order accompanies this Opinion.

_____
Joseph A. Dickson, U.S.M.J.